UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SAFIYYAH SHAH individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>COSTCO WHOLESALE CORPORATION,<br><br>Defendant. | Docket No.:<br><br>COMPLAINT – CLASS ACTION<br><br>JURY TRIAL DEMANDED |

**COLLECTIVE AND CLASS ACTION COMPLAINT WITH JURY DEMAND**

Plaintiff Safiyyah Shah, individually and on behalf of all others similarly situated, by and through her attorneys BROWN, LLC, hereby files this Collective and Class Action Complaint against Defendant, Costco Wholesale Corporation, and states as follows:

**INTRODUCTION**

1.    This is a collective and class action brought pursuant to 29 U.S.C. § 216(b) and Fed. R. Civ. P. 23 by Plaintiff, Safiyyah Shah, individually and on behalf of all similarly situated persons employed by Defendant, Costco Wholesale Corporation, arising from Defendant's willful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, New Jersey Wage and Hour Laws ("NJWHL"), N.J.S.A. 34:11-56a, *et seq.*, and the New Jersey Wage Payment Law ("NJWPL"), N.J.S.A. 34:11-4.1, *et seq.* ("New Jersey Wage Acts").

2.    Defendant Costco Wholesale Corporation is a multinational corporation that operates a chain of membership-only big-box retail stores.

3.    Plaintiff and the members of the putative class were employed by Defendant as hourly-paid, non-exempt supervisors, entitled to compensation for all compensable hours worked.

Doc ID: 86487e2c53f99ef13d739ee6ad57db3b8bd3b4f0

4. Defendant fails to pay hourly-paid, non-exempt supervisors for hours worked before their shifts, during which are required to unlock and open gates, deactivate alarms, and conduct security sweeps, after their shifts, during which are required to conduct security sweeps, activate alarms, and lock and close gates.

5. Defendant's failure to pay hourly-paid, non-exempt supervisors for all hours worked violates the NJWPL, and in the weeks where such hours worked were in excess of forty (40) hours, Defendant's failure to pay for such hours also violates the NJWHL, under which Plaintiff and all others similarly situated are entitled to time-and-a-half (1.5) of their regular rate of pay for hours worked in excess of forty (40) in a workweek. Defendant's failure to pay its employees for all hours worked and for time-and-a-half, where applicable, also violates the FLSA.

6. Plaintiff brings her FLSA claims (Count I) individually and on a collective basis pursuant to 29 U.S.C. § 216(b) on behalf of herself and *all other hourly-paid, non-exempt supervisors employed by Defendant in New Jersey at any time within the three (3) years preceding the commencement of this action through the date of judgment* (the "FLSA Collective"), and seeks unpaid overtime pay, liquidated damages, fees and costs, and any other remedies to which they may be entitled.

7. Plaintiff brings her NJWHL and NJWPL claims (Counts II and III) individually and on a class basis pursuant to Fed R. Civ. P. 23 on behalf of herself and *all current and former hourly-paid supervisors who worked for Defendant in New Jersey at any time within the six (6) years preceding the commencement of this action and the date of judgment* (the "Rule 23 Class"), and seeks unpaid regular and overtime pay, liquidated damages, fees and costs, and any other remedies to which they may be entitled.

Doc ID: 86487e2c53f99ef13d739ee6ad57db3b8bd3b4f0

**JURISDICTION AND VENUE**

8. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331).

9. The Court has personal jurisdiction over Defendant because Defendant conducts business within the state of New Jersey, employs individuals within the state of New Jersey, and is registered with the New Jersey Secretary of State, and because the claims and Plaintiff and the class members arise out of Defendant's contacts with New Jersey.

10. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

11. Venue is proper under 28 U.S.C. § 1391(b) because Plaintiff's cause of action arose, in part, in Newark, New Jersey.

**PARTIES**

12. Plaintiff Safiyyah Shah is a resident of White Plains, New York.

13. Plaintiff has been employed by Defendant since November 2020, and worked as a non-exempt, hourly paid supervisor for Defendant at its distribution center in Newark, New Jersey from approximately May 2022 to June 2023.

14. Defendant Costco Wholesale Corporation is a Washington corporation whose principal address is 999 Lake Dr., Issaquah, Washington 98027.

**FACTUAL ALLEGATIONS[1]**

15. Defendant owns and operates membership-only retail stores and distribution centers throughout New Jersey and the United States.

---

[1] Unless otherwise specifically noted here, the following allegations all apply through the time periods covered by the FLSA Collective and the Rule 23 Class.

16. Defendant employs non-exempt, hourly-paid supervisors at its retail stores and distribution centers.

17. Defendant pays its non-exempt, hourly-paid supervisors on an hourly basis, as opposed to a salary basis.

18. Defendant suffers and permits non-exempt, hourly-paid supervisors to work full-time schedules that typically equal or exceed forty (40) hours in a week.

19. In addition to their scheduled hours, Defendant suffers and permits non-exempt, hourly-paid supervisors to perform compensable work before their shifts, including unlocking and opening gates, deactivating alarms, and conducting security sweeps, and after their shifts, including conducting security sweeps, activating alarms, and locking and closing gates.

20. Defendant does not record or compensate the hours worked by hourly-paid supervisors before their shifts, including unlocking and opening gates, deactivating alarms, and conducting security sweeps.

21. Defendant does not record or compensate the hours worked by hourly-paid supervisors after their shifts, including conducting security sweeps, activating alarms, and locking and closing gates.

22. The pre-and-post shift work alleged herein typically occurs in excess of forty (40) hours in workweek.

23. As a result of Defendant's failure to pay hourly-paid supervisors for the work they perform before and after their shifts, they are regularly suffered and permitted to perform work in excess of forty (40) hours in a workweek for which they do not receive any compensation.

Doc ID: 86487e2c53f99ef13d739ee6ad57db3b8bd3b4f0

24. Defendant's violation of the FLSA, NJWHL, and NJWPL, as alleged herein, is knowing and willful.

25. Defendant knows, or alternatively, recklessly disregards the fact that non-exempt, hourly-paid supervisors perform work before their shifts, including unlocking and opening gates, deactivating alarms, and conducting security sweeps, and after their shifts, including conducting security sweeps, activating alarms, and locking and closing gates.

26. Defendant knows, or alternatively, recklessly disregards the fact that the work performed by non-exempt, hourly-paid supervisors is compensable under the FLSA, NJWHL, and NJWPL.

27. Defendant knows, or alternatively, recklessly disregards the fact that non-exempt, hourly-paid supervisors for the work performed before and after their shifts, as alleged herein.

## COLLECTIVE ACTION ALLEGATIONS

28. Plaintiff repeats and re-alleges all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

29. Plaintiff brings her claim for relief for violation of the FLSA, both individually and as a collective action pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). The proposed collective is defined as follows:

> *All hourly-paid, non-exempt supervisors employed by Defendant in New Jersey at any time within the three (3) years preceding the commencement of this action through the date of judgment.*

(the "FLSA Collective").

30. With respect to the claims set forth in this action, a collective action under the FLSA is appropriate because the employees described above are "similarly situated" to Plaintiff

Doc ID: 86487e2c53f99ef13d739ee6ad57db3b8bd3b4f0

under 29 U.S.C. § 216(b). The collective of employees on behalf of whom Plaintiff brings this collective action are similarly situated because: (a) they have been or are employed in the same or similar positions; (b) they were or are subject to the same or similar unlawful practices, policy, or plan (i.e. Defendant failing to pay hourly-paid supervisors for pre-and-post-shift ork as alleged herein); and (c) their claims are based upon the same factual and legal theories.

31. The employment relationships between Defendant and every FLSA Collective member are the same and differ only by name and rate of pay. The key issues—the amount of uncompensated time owed to each FLSA Collective member—do not vary substantially among the Collective members.

32. Plaintiff estimates the FLSA Collective, including both current and former employees over the relevant period, will include several hundred members. The precise number of FLSA Collective members should be readily available from a review of Defendant's personnel and payroll records.

## CLASS ACTION ALLEGATIONS

33. Plaintiff brings this action pursuant to Fed R. Civ. P. 23(b)(2) and (b)(3) on her own behalf and on behalf of the Rule 23 Class, defined as:

> *All hourly-paid, non-exempt supervisors employed by Defendant in New Jersey at any time within the six (6) years preceding the commencement of this action and the date of judgment.*

34. Plaintiff reserves the right to amend this definition as necessary.

35. The members of the Rule 23 Class are so numerous that joinder of all Rule 23 Class members in this case would be impractical. Rule 23 Class members should be easy to identify from Defendant's computer systems and electronic payroll and personnel records.

Doc ID: 86487e2c53f99ef13d739ee6ad57db3b8bd3b4f0

36. There is a well-defined community of interest among Rule 23 Class members and common questions of law and fact predominate in this action over any questions affecting individual members of the Rule 23 Class.

37. Plaintiff's claims are typical of those of the Rule 23 Class in that they and all other Rule 23 Class members suffered damages as a direct and proximate result of the Defendant's common and systemic payroll policies and practices. Plaintiff's claims arise from the same policies, practices, promises and course of conduct as all other Rule 23 Class members' claims and their legal theories are based on the same legal theories as all other Rule 23 Class members.

38. Plaintiff will fully and adequately protect the interests of the Rule 23 Class and they have retained counsel who are qualified and experienced in the prosecution of nationwide wage and hour class actions. Neither Plaintiff nor her counsel has interests that are contrary to, or conflicting with, the interests of the Rule 23 Class.

39. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, because, *inter alia*, it is economically infeasible for Rule 23 Class members to prosecute individual actions of their own given the relatively small amount of damages at stake for each individual along with the fear of reprisal by their employer. Prosecution of this case as a Rule 23 Class action will also eliminate the possibility of duplicative lawsuits being filed in state and federal courts throughout the nation.

40. This case will be manageable as a Rule 23 Class action. Plaintiff and her counsel know of no unusual difficulties in this case and Defendant has advanced, networked computer and payroll systems that will allow the class, wage, and damages issues in this case to be resolved with relative ease.

Doc ID: 86487e2c53f99ef13d739ee6ad57db3b8bd3b4f0

41. Because the elements of Rule 23 are satisfied in this case, class certification is appropriate.

42. Because Defendant acted and refused to act on grounds that apply generally to the Rule 23 Class and declaratory relief is appropriate in this case with respect to the Rule 23 Class as a whole, class certification pursuant to Rule 23(b)(2) is also appropriate.

## COUNT I
### (Brought Individually and as a Collective Action Under FLSA 29 U.S.C. § 207(a)(1))
### VIOLATIONS OF FLSA – FAILURE TO PAY WAGES FOR ALL OVERTIME HOURS WORKED

43. Plaintiff re-alleges and incorporates all previous paragraphs herein.

44. 29 U.S.C. § 207(a)(1) provides:

> [N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

45. At all times relevant to this action, Defendant was an employer under 29 U.S.C. § 203(d) of the FLSA, subject to the provisions of 29 U.S.C. § 201, *et seq*.

46. Defendant is an enterprise whose annual gross volume of sales made or business done exceeds $500,000.

47. Defendant is an enterprise that has had employees engaged in commerce or in the production of goods for commerce, and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, including grocery products.

48. Plaintiff and other members of the FLSA Collective were individually engaged in commerce.

49. At all times relevant to this action, Defendant "suffered or permitted" Plaintiff and other members of the FLSA Collective to work and thus "employed" them within the meaning of 29 U.S.C. § 203(g) of the FLSA.

50. Plaintiff and other members of the FLSA Collective worked many workweeks in excess of 40 hours within the last three years.

51. Defendant failed to pay Plaintiff and other members of the FLSA Collective for all hours worked in excess of 40 in a workweek, as alleged herein.

52. Defendant knew or should have known that the Plaintiff and other members of the FLSA Collective were working hours in excess of 40 hours per week, without overtime compensation of one-and-one-half (1.5) their pay for hours worked in excess of 40 per week.

53. Defendant's violations of the FLSA were knowing and willful. See 29 U.S.C. § 255(a) ("[A] cause of action arising out of a willful violation [of the FLSA] may be commenced within three years….").

54. The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his or his unpaid wages (and unpaid overtime if applicable) plus an additional equal amount in liquidated damages (double damages), plus costs and reasonable attorneys' fees.

<u>**COUNT II**</u>
<u>**(Brought Individually and as a Class Action Under Rule 23)**</u>
<u>**VIOLATIONS OF NJWHL – FAILURE TO PAY WAGES FOR ALL OVERTIME HOURS WORKED**</u>

55. Plaintiff re-alleges and incorporates all previous paragraphs herein.

56. Defendant was an "employer" of Plaintiff and the other members of the Rule 23 Class within the meaning of N.J. Stat. § 34:11-56a1(g).

Doc ID: 86487e2c53f99ef13d739ee6ad57db3b8bd3b4f0

57. Plaintiff and the other members of the Rule 23 Class were "employees" of Defendant, within the meaning of N.J. Stat. § 34:11-56a1(h).

58. Defendant employed Plaintiff and the other members of the Rule 23 Class, within the meaning of N.J. Stat. § 34:11-56a1(f).

59. Defendant required Plaintiff and the other members of the Rule 23 Class to work over forty (40) hours in most weeks.

60. Defendant failed to pay Plaintiff and the other members of the Rule 23 Class for all hours worked in excess of 40 in a workweek, as alleged herein, and thus should have been paid at time-and-a-half (1.5) of their regular rates of pay, *see* N.J. Stat. Ann. § 34:11-56a4(b), but instead were not paid at all.

61. N.J. Stat. § 34:11-58 provides that as a remedy for a violation of N.J. Stat. Ann. § 34:11-56a4(b), an employee is entitled to his or her unpaid wages (and unpaid overtime if applicable) plus twice of this amount in liquidated damages (treble damages), plus costs and reasonable attorneys' fees.

### COUNT III
### (Brought Individually and as a Class Action Under Rule 23)
### VIOLATIONS OF NJWPL – FAILURE TO PAY HOURLY WAGES FOR NON-OVERTIME WORK

62. Plaintiff re-alleges and incorporates all previous paragraphs herein.

63. Defendant was an "employer" of Plaintiff and the other members of the Rule 23 Class within the meaning of N.J. Stat. § 34:11-4.1(a).

64. Plaintiff and the other members of the Rule 23 Class were "employees" of Defendant, within the meaning of N N.J. Stat. § 34:11-4.1(b).

Doc ID: 86487e2c53f99ef13d739ee6ad57db3b8bd3b4f0

65. The NJWPL requires an employer to "pay the full amount of wages due to his employees at least twice during each calendar month, on regular paydays designated in advance by the employer…." N.J. Stat. § 34:11-4.2.

66. The NJWPL prohibits an employer from "withhold[ing] or divert[ing] any portion of an employee's wage unless the employer is required or empowered to do so by New Jersey or United States law" or the wage is withheld pursuant to other exceptions not at issue here. N.J. Stat. Ann. § 34:11-4.4.

67. The statute defines "wages" as "direct monetary compensation for labor or services rendered by an employee, where the amount is determined on a time, task, piece, or commission basis excluding any form of supplementary incentives and bonuses which are calculated independently of regular wages and paid in addition thereto." N.J. Stat. Ann. § 34:11-4.1.

68. Defendant failed to pay Plaintiff and the other members of the Rule 23 Class wages for all hours worked, as alleged herein.

69. N.J. Stat. § 34:11-58 provides that as a remedy for a violation of N.J. Stat. Ann. § 34:11-56a4(b), an employee is entitled to his or her unpaid wages (and unpaid overtime if applicable) plus twice of this amount in liquidated damages (treble damages), plus costs and reasonable attorneys' fees.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff Safiyyah Shah, requests an entry of an Order the following relief:

    a. Certifying this action as a collective action (for the FLSA collective) pursuant to 29 U.S.C. § 216(b);

Doc ID: 86487e2c53f99ef13d739ee6ad57db3b8bd3b4f0

  b. Certifying this action as a class action (for the Rule 23 Class) pursuant to Rule 23(b)(2) and (b)(3) with respect to Plaintiff's state law claims;

  c. Ordering Defendant to disclose in computer format, or in print if no computer readable format is available, the names and addresses of Rule 23 Class members, and permitting Plaintiff to send notice of this action to all those similarly situated individuals, including the publishing of notice in a manner that is reasonably calculated to apprise the class members of their rights by law to join and participate in this lawsuit;

  d. Designating Plaintiff as the representatives of the FLSA Collective and undersigned counsel as Collective counsel for the same;

  e. Designating Plaintiff as the representatives of the Rule 23 Class, and undersigned counsel as Class counsel for the same;

  f. Declaring Defendant willfully violated the FLSA and the Department of Labor's attendant regulations as cited herein;

  g. Finding Defendant liable to Plaintiff, the FLSA Collective, and the Rule 23 Class for the alleged violations of the FLSA, NJWHL and NJWPL alleged herein;

  h. Granting judgment in favor of Plaintiff and against Defendant and awarding Plaintiff, the FLSA Collective, and the Rule 23 Class the full amount of damages and liquidated damages available by law;

  i. Awarding reasonable attorneys' fees and costs incurred by Plaintiff in filing this action;

  j. Awarding pre- and post-judgment interest to Plaintiff on these damages; and

  k. Awarding such other and further relief as this Court deems appropriate.

## JURY DEMAND

Plaintiff, Safiyyah Shah, individually and on behalf of all others similarly situated, by and through her attorneys, hereby demand a trial by jury pursuant to Fed. R. Civ. P. 38 with respect to the above cause.

Dated: October 19, 2023       Respectfully submitted,

                s/ *Nicholas Conlon*_____

Doc ID: 86487e2c53f99ef13d739ee6ad57db3b8bd3b4f0

Nicholas Conlon (NJ Bar ID # 34052013)
Jason T. Brown (NJ Bar ID # 035921996)
BROWN, LLC
111 Town Square Place, Suite 400 Jersey City, NJ 07310
T: (877) 561-0000
F: (855) 582-5297
nicholasconlon@jtblawgroup.com
jtb@jtblawgroup.com

13

Doc ID: 86487e2c53f99ef13d739ee6ad57db3b8bd3b4f0