UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SAFIYYAH SHAH, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION,<br><br>Defendant. | Civil Action No. 2:23-cv-21286 |

### **STIPULATED COLLECTIVE ACTION SETTLEMENT AGREEMENT**

This Stipulated Collective Action Settlement is entered into by and among Plaintiff, SAFIYYAH SHAH ("Plaintiff" or "Shah"), for herself individually and on behalf of the Settlement Collective, and Defendant, COSTCO WHOLESALE CORPORATION ("Defendant") (Plaintiff and Defendant are referred to collectively as the "Parties"). This Settlement Agreement is intended by the Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims upon and subject to the terms and conditions hereof, and subject to the approval of the Court.

### **RECITALS**

1. On October 19, 2023, Plaintiff filed this putative class and collective action against Defendant, her current employer, seeking wages under the New Jersey Wage and Hour Laws and Wage Payment Law (together, "New Jersey Wage Acts") and the Fair Labor Standards Act ("FLSA"). The claims related to alleged off-the-clock work performed pre- and post-shift.

2. After exchanging discovery, the Parties explored settlement and agreed that a full and final collective settlement, pursuant to 29 U.S.C. § 216(b), was in the best interests of the Parties. The negotiations spanned several months, and the Parties extensively negotiated a collective-wide resolution for the settlement collective.

3. Defendant expressly denies Plaintiff's material allegations and specifically denies that it violated the FLSA or New Jersey Wage Acts.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Plaintiff, the Settlement Collective, and Defendant as follows.

# AGREEMENT

## I. DEFINITIONS

As used herein, in addition to any definitions set forth elsewhere in this Settlement Agreement, the following terms shall have the meanings set forth below:

1.1 **"Action"** means the case captioned *Shah, et. al. v. Costco Wholesale Corp.*, D.N.J. No. 2:23-cv-21286.

1.2 **"Costco"** or **"Defendant"** means Defendant Costco Wholesale Corporation, a Washington corporation.

1.3 **"Agreement"** or **"Settlement Agreement"** means this Stipulated Collective Action Settlement and the attached Exhibits.

1.4 **"Approved Claim"** means a Claim Form submitted by a Settlement Collective Member that is (a) timely submitted in accordance with the directions on the Claim Form and the terms of this Agreement; (b) is fully completed and physically signed or electronically signed by the Settlement Collective Member; and (c) satisfies the conditions of eligibility for a Settlement Payment as set forth in this Agreement.

1.5 **"Claims Deadline"** means the date by which all Claim Forms must be postmarked to be considered timely, and shall be set as a date no later than sixty (60) calendar days following the Notice Date. The Claims Deadline shall be clearly set forth in the Preliminary Approval Order, as well as in the Notice and the Claim Form.

1.6 **"Claim Form"** means a document substantially in the form attached hereto as Exhibit A.

1.7 **"Collective Counsel"** means attorneys Jason T. Brown and Nicholas Conlon of Brown, LLC.

1.8 **"Collective Representative"** means the named Plaintiff in the Action, Safiyyah Shah.

1.9 **"Court"** means the United States District Court for the District of New Jersey.

1.10 **"Defendant's Counsel"** means attorneys Robert Whitman, Kyle Winnick, and Victoria Vitarelli of Seyfarth Shaw LLP.

1.11 **"Effective Date"** means one business day following the latest of: (a) the date upon which the time expires for filing or noticing any appeal of the Final Approval Order;

     (b) if there is an appeal or appeals, other than an appeal or appeals solely with respect to the Fee Award, the date of completion, in a manner that finally affirms and leaves in place the Final Approval Order without any material modification, of all proceedings rising out of the appeal(s) including, but not limited to, the expiration of all deadlines for motions for reconsideration or petitions for review and/or certiorari, all proceedings ordered on remand, and all proceedings arising out of any subsequent appeal(s) following decisions on remand; or (c) the date of final dismissal of any appeal or the final dismissal of any proceeding on appeal with respect to the Final Approval Order.

1.12  **"Fee Award"** means the amount of attorneys' fees and reimbursement of costs awarded to Collective Counsel by the Court in the Final Approval Order, which shall be paid out of the Settlement Fund.

1.13  **"Final Approval Order"** means the final approval order to be entered by the Court approving the settlement of the Action in accordance with this Settlement Agreement, and dismissing the Action with prejudice.

1.14  **"Individual Settlement of Non-Wage Claims"** means the proposed amount of Two Thousand Five Hundred Dollars and 0/100 Cents (2,500.00) to be paid to Plaintiff as a service award and in exchange for a general release of claims and for her service to the Settlement Collective and Collective Counsel, and to be approved in the Final Approval Order.

1.15  **"Notice"** means the notice of the proposed Settlement approved by the Court, which is to be disseminated to the Settlement Collective substantially in the manner set forth in this Settlement Agreement.

1.16  **"Notice Date"** means the date on which the Notice is disseminated to the Settlement Collective, which shall be a date no later than twenty-eight (28) days after entry of the Preliminary Approval Order.

1.17  **"Plaintiff"** means Safiyyah Shah.

**1.18**  **"Potential Settlement Collective Member"** means Plaintiff Safiyyah Shah and the five other individuals identified by Defendant who: (i) were employed by Costco as a non-exempt supervisor at a Merchandise Delivery Operation ("MDO") at any time from October 19, 2017 through December 13, 2024; and (ii) were

regularly assigned to a MDO located within New Jersey during that period. Excluded from the definition of 1.19 "Potential Settlement Collective Member" are: (1) any Judge or Magistrate presiding over this Action and members of their families; (2) the Defendant, Defendant's subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest; (3) persons who properly execute and file a timely request for exclusion from the Settlement Collective; and (4) the legal representatives, successors or assigns of any such excluded person.

1.19 **"Preliminary Approval Order"** means the Court's order preliminarily approving the Agreement, preliminarily granting collective certification for settlement purposes, and approving the form and manner of the Notice. A proposed version of the Preliminary Approval Order shall be submitted to the Court in the form attached hereto as Exhibit C.

1.20 **"Released Claims"** means any and all actual, potential, filed, unfiled, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, claims, demands, liabilities, rights, causes of action, damages, punitive, exemplary or multiplied damages, expenses, costs, attorneys' fees and/or obligations, whether in law or in equity, accrued or unaccrued, direct, individual or representative, of every nature and description whatsoever, which: (a) relate to the payment of wages, non-payment of wages, and/or disclosures about wages (such as claims relating to wage notices, pay statements, and other such disclosures); and (b) arise out of, or relate to, actual or alleged facts, transactions, events, matters, occurrences, acts, disclosures, statements, representations, omissions or failures to act which occurred (or failed to occur) during the Relevant Time Period. The Released Claims include, but are not limited to, all claims against the Released Parties based on: (a) the New Jersey Wage Acts; (b) the FLSA; (c) any other federal, state, local, or municipal statute, regulation, ordinance, or other law; (d) any common law doctrine, such as contract, promissory estoppel, and unjust enrichment; and (e) any allegation or cause of action that was brought or could have been brought in the Action.

1.21 **"Released Parties"** means Costco Wholesale Corporation, and all of its past, present and future associates, corporations, investors, owners, parents, subsidiaries,

affiliates, divisions, officers, directors, shareholders, consultants, agents, employees, supervisors, representatives, attorneys, insurers (including current and former agents), reinsurers (including current and former agents), benefit plans, predecessors, successors, managers, administrators, executors and trustees.

1.22 **"Releasing Parties"** means Plaintiff and all other Settlement Collective Members and their respective past, present and future heirs, children, spouses, beneficiaries, conservators, executors, estates, administrators, assigns, agents, consultants, independent contractors, insurers, attorneys, accountants, financial and other advisors, investment bankers, underwriters, lenders, and any other representatives of any of these persons and entities.

1.23 **"Relevant Time Period"** means October 19, 2017 through the date of the Preliminary Approval Order.

1.24 **"Settlement"** means the final resolution of the Action as embodied by the terms and conditions of this Agreement.

1.25 **"Settlement Collective"** means Plaintiff Safiyyah Shah all individuals who: (i) were employed by Costco as a non-exempt supervisor at a Merchandise Delivery Operation ("MDO") at any time from October 19, 2017 through December 13, 2024; (ii) were regularly assigned to a MDO located within New Jersey during that period; and (iii) submits a valid claim form opting into the Settlement Collective pursuant to this Agreement or previously released claims covered by this Agreement. Excluded from the Settlement Collective are: (1) any Judge or Magistrate presiding over this Action and members of their families; (2) the Defendant, Defendant's subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest; (3) persons who properly execute and file a timely request for exclusion from the Settlement Collective; and (4) the legal representatives, successors or assigns of any such excluded person.

1.26 **"Settlement Collective Member"** or **"Collective Member"** means a person who falls within the definition of the Settlement Collective.

1.27 **"Settlement Fund"** means the total amount of Thirty-Five Thousand Dollars ($35,000.00) to be paid by Defendant pursuant to the terms of this Settlement.

    Under no circumstances shall Defendant be required to provide settlement funding or pay any attorneys' fees, costs, the payment to Plaintiff for the Individual Settlement of Non-Wage Claims, or any other expenses that, taken together, exceed $35,000.00.

 1.28 **"Settlement Payment"** means the check that Plaintiff and each Settlement Collective Member with an Approved Claim shall receive, in an amount determined through the method set forth in Section 4.1

## II. PRELIMINARY APPROVAL AND FINAL APPROVAL

 2.1 **Preliminary Approval**. Promptly after execution of this Settlement Agreement, Collective Counsel shall prepare an Agreed Motion for Preliminary Approval of Collective Settlement, Conditional Certification of the Settlement Collective, Appointment of Plaintiff's Counsel as Collective Counsel, and Approval of the Proposed Notice of Settlement and Collective Action Settlement Procedure and Memorandum of Law in Support. Plaintiff shall also submit this Settlement Agreement to the Court and move the Court to enter the Preliminary Approval Order, which shall include, among other provisions, a request that the Court:

  a. Appoint Plaintiff as Collective Representative of the Settlement Collective for settlement purposes only;

  b. Appoint Collective Counsel to represent the Settlement Collective;

  c. Preliminarily certifying the Settlement Collective under 29 U.S.C. § 216(b) for settlement purposes only;

  d. Preliminarily approve this Settlement Agreement for purposes of disseminating Notice to the Settlement Collective; and

  e. Approve the form and contents of the Notice and the method of its dissemination to members of the Settlement Collective.

 2.2 **Final Approval**. After Notice to the Settlement Collective is given, Collective Counsel shall move the Court for entry of a Final Approval Order, which shall include, among other provisions, a request that the Court:

  a. approve the Settlement as fair, reasonable and adequate as to, and in the best interests of, the Settlement Collective Members; make a finding that the Agreement was entered

into in good faith, and direct the Parties and their counsel to implement and consummate the Settlement according to its terms and conditions;

  b. find that the Notice implemented pursuant to the Settlement Agreement fulfills the requirements of 29 U.S.C. § 216(b);

  c. find that the Collective Representative and Collective Counsel adequately represented the Settlement Collective for purposes of entering into and implementing the Settlement Agreement;

  d. dismiss the Action in its entirety on the merits with prejudice, without fees or costs to any Party except as provided in this Settlement Agreement;

  e. incorporate the Release set forth herein, make the Release effective as of the Effective Date, and forever discharge the Released Parties as set forth herein;

  f. permanently bar and enjoin all Settlement Collective Members who submit a Claim Form from filing, commencing, prosecuting, intervening in, or participating (as Collective members or otherwise) in any lawsuit or other action in any jurisdiction based on the Released Claims;

  g. authorize the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of the Settlement and its implementing documents (including all Exhibits to this Settlement Agreement) that (i) shall be consistent in all material respects with the Final Approval Order; and (ii) do not limit the rights of Settlement Collective Members;

  h. without affecting the finality of the Final Approval Order for purposes of appeal, retain jurisdiction as to all matters relating to administration, consummation, enforcement and interpretation of this Settlement Agreement and the Final Approval Order, and for any other necessary purpose; and

  i. incorporate any other provisions, consistent with the material terms of this Settlement Agreement, as the Court deems necessary and just.

 2.3 **Cooperation**. The Parties shall, in good faith, cooperate, assist, and undertake all reasonable actions and steps in order to accomplish these required events on the schedule set by the Court, subject to the terms of this Settlement Agreement.

 2.4 **Stipulation Regarding Potential Settlement Collective Members.** Plaintiff and Defendant stipulate, only for purposes of this Settlement Agreement, that Plaintiff and the Potential

Settlement Collective Members are "similarly situated" for purposes of 29 U.S.C. § 216(b), and thus meet the applicable prerequisites for settlement Collective action treatment under 29 U.S.C. § 216(b) as reflected in the Preliminary Approval Order and Final Approval Order. Defendant retains all rights to object to the propriety of Collective certification in the Action in all other contexts and for all other purposes should the Settlement not be finally approved.

### III.   NOTICE TO COLLECTIVE

3.1   **Collective List**.   As soon as practicable after issuance of the Preliminary Approval Order, Defendant shall compile a list containing the following information in its possession: (a) the names and U.S. Mail addressees of each Potential Settlement Collective Member; and (b) each Potential Settlement Collective Member's total weeks worked as a non-supervisor at each Costco MDO in the State of New Jersey during the Relevant Time Period.

3.2   **Methods and Form of Notice**.  Defendant shall send the Notice to each Potential Settlement Collective Member via first Collective mail no later than the Notice Date, and shall include a prepaid, pre-addressed return envelope in which Potential Settlement Collective Members can submit their Claim Forms.

3.3   **Undeliverable Notices**.   If a Notice is returned with a forwarding address, Defendant shall promptly mail a new Notice to the forwarding address. If a Collective Notice is returned without a forwarding address, Defendant shall promptly seek to determine the individual's current address (including by performing, if needed, a standard Level 2 Skip Trace). If a new address is not obtained through a standard Level 2 skip tracing (or any other reasonable or customary methods available to Defendant, such as emailing the individual), no further effort need be taken.

### IV.   SETTLEMENT PAYMENTS

4.1   Each Potential Settlement Collective Member's settlement allocation shall be a percentage of the Settlement Fund, less attorneys' fees and costs, the payment to Plaintiff for the Individual Settlement of Non-Wage Claims, and other expenses, determined by the number of weeks he or she worked as a non-supervisor at each Costco MDO in the State of New Jersey during the Relevant Time Period up until July 11, 2024, with the *pro rata* value of weeks worked at Defendant's Newark, NJ MDO counting for six times (6x) the *pro rate* value of weeks worked at Defendant's other MDOs.  The settlement allocation for each putative Collective Member who does not opt into this Settlement Agreement shall revert to Defendant.

4.2     Settlement Collective Members shall have until the Claims Deadline to submit Claim Forms. Plaintiff and each Settlement Collective Member who submits an Approved Claim shall be entitled to a Settlement Payment.

4.3     Within ten (10) calendar days after the Claims Deadline, Collective Counsel and Defendant's Counsel together shall process all Claim Forms submitted by Settlement Collective Members and shall determine which claims are valid and initially approved and which claims are initially rejected. Collective Counsel and Defendant's Counsel may request additional information prior to initially accepting or rejecting any Claim Form submitted. Collective Counsel and Defendant's Counsel shall employ reasonable procedures to screen Claim Forms for abuse and/or fraud.  Counsel for the Parties shall meet and confer in an effort to resolve any disputes or disagreements over any initially approved or rejected claims. In the event Counsel for the Parties are not able to reach agreement through this process, they shall submit their dispute to the Court for a final and binding determination.

4.4     Defendant shall send Plaintiff and each Settlement Collective Member with an Approved Claim their Settlement Payment in two checks: 50% of the Settlement Payment shall be reported as wage income on a W-2 minus all applicable deductions and withholdings (but not minus Defendant's share of payroll taxes, including FICA and FUTA, which Defendant shall pay in the addition to the Settlement Fund as opposed to through a deduction therefrom), and 50% shall be reported as non-wage income on a Form 1099-MISC.

4.5     All checks for Settlement Payments shall state on the face of the check that the check will expire and become null and void unless cashed within ninety (90) calendar days after the date of issuance. No check shall be honored for payment unless it is timely and properly signed by the Settlement Collective Member in the space provided on the rear of the check.

4.6     To the extent that a check issued to Settlement Collective Members is not cashed within ninety (90) days after the date of issuance, the check shall be void and all such funds shall remain the property of Defendant.

4.7     Settlement Collective Members may request replacement checks within the ninety (90) day period after initial issuance, but such checks shall not extend the ninety (90) day check cashing period from the date checks were originally issued.

4.8     Defendant shall mail the Settlement Payments to Plaintiff and to Settlement Collective Members with Approved Claims within thirty (30) calendar days after the Effective

Date. Defendant shall mail the payment for the Individual Settlement of Non-Wage Claim (which shall be reported as non-wage income on a Form 1099-MISC) to Plaintiff within thirty (30) calendar days after the Effective Date. Defendant shall mail the check for the Fee Award to Collective Counsel within thirty (30) calendar days after the Effective Date. Defendant shall mail the payments to Plaintiff to her at an address to be designated by Collective Counsel.

4.9    Following the expiration of the Claims Period and issuance of Settlement Payments, and after payment of any outstanding Settlement Administration Expenses, any unclaimed or leftover amounts in the Escrow Account, including but not limited to any amounts that were allocated to individuals in the Settlement Collective who did not opt into this Settlement Agreement or any amounts stemming from uncashed checks issued to Settlement Collective Members, shall remain the property of Defendant.

V.    **RELEASE**

5.1    **The Release**.  Upon the Effective Date, the Releasing Parties who have submitted a claim form opting into this Settlement Agreement, and each of them, shall be deemed to have released, and by operation of the Final Approval Order shall have, fully, finally, and forever released, acquitted, relinquished and completely discharged the Released Parties from any and all Released Claims.

5.2    **Plaintiff's Release**.  Upon the Effective Date, Plaintiff Safiyyah Shah shall forever and fully release and discharge Defendant from all Released Class Claims as well as any other claim of any kind under federal, state, or local law or common law based on events that took place from the beginning of time through her execution of this Agreement.  These claims and rights released include (but are not limited to):

(A)    compensatory, emotional or mental distress damages, punitive or liquidated damages, attorney fees, costs, interest or penalties;

(B)    violation of express or implied employment contracts, covenants, promises or duties, intellectual property or other proprietary rights;

(C)    unlawful or tortious conduct such as assault or battery; background check violations; defamation; detrimental reliance; false light; fiduciary breach; fraud; indemnification; intentional or negligent infliction of emotional distress; interference with contractual or other legal rights; invasion of privacy; loss of consortium; misrepresentation; negligence (including negligent hiring, retention or

supervision); personal injury; promissory estoppel; public policy violation; retaliatory discharge; safety violations; posting or records-related violations; tortious interference; wrongful discharge; or other federal, state or local statutory or common law matters;

(D) discrimination, harassment or retaliation based on age (including Age Discrimination in Employment Act or "ADEA" claims), benefit entitlement, citizenship, color, concerted activity, disability, ethnicity, gender, gender identity and expression, genetic information, immigration status, income source, jury duty, leave rights, military status, national origin, parental status, reproductive health decision-making, protected off-duty conduct, race, religion, retaliation, sexual orientation, union activity, veteran status, whistleblower claims in court (including under Sarbanes-Oxley, Dodd-Frank, and the False Claims Act), other legally protected status or activity; or any allegation that payment under this Agreement was affected by any such discrimination, harassment or retaliation; and

(E) participation in any class, collective, or representative action in court or in arbitration against Defendant.

## VI. SETTLEMENT ADMINISTRATION

6.1 **Maintenance of Records**. Defendant shall maintain reasonably detailed records of its activities under this Settlement Agreement. Defendant shall maintain all such records as required by applicable law in accordance with its business practices and such records will be made available to Collective Counsel upon request, except that Plaintiff and Collective Counsel shall not have access to the information provided by Defendant regarding Settlement Collective Members other than as authorized in this Agreement. Neither Plaintiff nor Collective Counsel shall use the Claim Forms, or any information contained in the Claim Forms, for any purpose other than those specifically set forth in Section 4 above, and shall not disclose the Claim Forms, or any information contained in the Claim Forms, to any other person or entity. Nothing in the foregoing shall be construed to create a duty or obligation that would be ethically impermissible under the New Jersey Rules of Professional Conduct promulgated by the New Jersey Supreme Court. Defendant shall also provide reports and other information to the Court as the Court may require..

## VII. TERMINATION OF THE SETTLEMENT AGREEMENT

7.1     **Termination**. Subject to Section 9 below, either Party may cancel and terminate this Agreement unless, within 21 days of the contingencies detailed in Subsections (i) – (iv) herein, Collective Counsel and Defendant's Counsel mutually agree in writing to proceed with this Settlement Agreement in the event of: (i) the Court's refusal to enter the Preliminary Approval Order approving of this Agreement in any material respect; (ii) the Court's refusal to enter the Final Approval Order in this Action in any material respect; (iii) the Final Approval Order being modified or reversed in any material respect by the appellate court or the United States Supreme Court; or (iv) the issuance of an Alternative Approval Order, as defined in Section 9.1 of this Agreement.

7.2     **Court Approval**. This Settlement Agreement is contingent upon the Court's approval. If either Party elects to cancel and terminate this Agreement pursuant to Section 7.1, this Settlement Agreement shall become null and void, and shall not be used for any purpose, including without limitation, in connection with the Action or any other lawsuit, administrative, or other legal proceeding, claim, investigation, or complaint. In such an event, the Parties shall resume the Action. The Parties shall meet and confer in good faith either in person or remotely, over a period of no less than twenty (20) calendar days, regarding potential alternative solutions before any party voids this Settlement Agreement. In the event this Settlement Agreement is so voided, the Action shall proceed as if no settlement had been attempted or reached. In that event, Defendant shall retain the right to assert all applicable defenses and challenge all claims and allegations, including, but not limited to, contesting whether the Action should be maintained as Collective or collective action and otherwise contesting the merits of the claims being asserted by the Plaintiff in the Action.

### VIII. COLLECTIVE COUNSEL'S ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES AND ADDITIONAL CONSIDERATION FOR COLLECTIVE REPRESENTATIVE

8.1     Defendant agrees to pay Collective Counsel reasonable attorneys' fees and unreimbursed expenses incurred in the Action as the Fee Award, which shall be paid from the Settlement Fund. The amount of the Fee Award shall be determined by the Court in the Final Approval Order based on a petition from Collective Counsel. Collective Counsel has agreed, with no consideration from Defendant, to limit their request for attorneys' fees to up to Seventeen Thousand Five Hundred Dollars and 0/100 Cents (17,500.00) and unreimbursed costs to up to Four Thousand Five Hundred Dollars and 0/100 Cents (4,500.00), for a grand total of up to Twenty-

Two Thousand Dollars and 0/100 Cents (22,000.00). Payment of the Fee Award and Costs shall be made from the Settlement Fund. Defendant agrees to not challenge the amount requested.

8.2    Should the Court award less than the amount sought by Collective Counsel, the difference in the amount sought and the amount ultimately awarded pursuant to this section shall remain in the Settlement Fund and be distributed to Settlement Collective Members as Settlement Payments.

8.3    The Fee Award and Costs shall be payable in one (1) payment. The Payment for the Fee Award and Costs shall be delivered to Collective Counsel within thirty (30) calendar days after the Effective Date. Payment of the Fee Award and Costs shall be made via check made payable to Brown, LLC after providing necessary relevant tax information. The payment shall be delivered via UPS or Federal Express to: Brown, LLC, 111 Town Square Place, Suite 400, Jersey City, New Jersey 07310, Attn: Nicholas Conlon.

8.4    Notwithstanding anything herein, the Parties agree that the Court's decision as to the amount of the Fee Award to Collective Counsel set forth above, regardless of the amounts awarded, shall not prevent the Settlement Agreement from becoming effective, nor shall it be grounds for termination of the Agreement.

8.5    Plaintiff shall be entitled to a payment for the Individual Settlement of Non-Wage Claims, subject to Court approval, in the proposed amount of Two Thousand Five Hundred Dollars and 0/100 Cents (2,500.00), in addition to her Settlement Payment, to be paid to Plaintiff as a service award and in exchange for a general release of claims and for her service to the Settlement Collective and Collective Counsel, and to be approved in the Final Approval Order.

8.6    Should the Court award less than the amount sought as payment for the Individual Settlement of Non-Wage Claims, the difference in the amount sought and the amount ultimately awarded pursuant to this section shall remain in the Settlement Fund and be distributed to Settlement Collective Members as Settlement Payments.

8.7    Notwithstanding anything herein, the Parties agree that the Court's decision as to the amount of the payment for the Individual Settlement of Non-Wage Claims, regardless of the amounts awarded, shall not prevent the Settlement Agreement from becoming effective, nor shall it be grounds for termination of the Agreement.

**IX.    CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION**

9.1    The Effective Date shall not occur unless and until each and every one of the following events occurs, and shall be the date upon which the last (in time) of the following events occurs subject to the provisions in Section 1.11:

(a)    This Agreement has been signed by the Parties, Collective Counsel, and Defendant's Counsel;

(b)    The Court has entered the Preliminary Approval Order approving the Agreement;

(c)    The Court has entered the Final Approval Order, or a judgment materially identical to the Final Approval Order, and the Effective Date has occurred; and

(d)    In the event the Court enters an approval order and final judgment in a form other than that provided above ("Alternative Approval Order") to which the Parties have consented, the date on which that Alternative Approval Order becomes final and all appeals of the Alternative Approval Order, if any, have been resolved.

9.2    If some or all of the conditions specified in Section 9.1 are not met, or this Agreement is terminated or fails to become effective in accordance with its terms, then this Agreement shall be canceled and terminated unless, within 20 days, Collective Counsel and Defendant's Counsel mutually agree in writing to proceed with this Settlement Agreement.

9.3    If this Settlement Agreement is terminated or fails to become effective for the reasons set forth above, the Parties shall be restored to their respective positions in this Action as of the date of the signing of this Agreement. In such event, any Final Approval Order or other order entered by the Court in accordance with the terms of this Agreement, including, but not limited to, Collective certification, shall be treated as vacated, *nunc pro tunc,* and the Parties shall be returned to the *status quo ante* with respect to the Action as if this Settlement Agreement had never been entered into.

### X.    MISCELLANEOUS PROVISIONS

10.1    The Parties: (a) acknowledge that it is their intent to consummate this Agreement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement terms and conditions of this Agreement and to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this Settlement Agreement. Collective Counsel and Defendant's Counsel agree to cooperate with one another in seeking entry of the Preliminary Approval Order and the Final Approval Order, and promptly to agree upon and execute all such other

documentation as may be reasonably required to obtain final approval of the Settlement Agreement.

10.2 Each signatory to this Agreement represents and warrants (a) that he, she, or it has all requisite power and authority to execute, deliver and perform this Settlement Agreement and to consummate the transactions contemplated herein; (b) that the execution, delivery, and performance of this Settlement Agreement and the consummation by it of the actions contemplated herein have been duly authorized by all necessary corporate action on the part of each signatory; and (c) that this Settlement Agreement has been duly and validly executed and delivered by each signatory and constitutes its legal, valid and binding obligation.

10.3 The Parties intend this Settlement Agreement to be a final and complete resolution of all disputes between them with respect to the Released Claims by Plaintiff and the other Settlement Collective Members, and each or any of them, on the one hand, against the Released Parties, and each or any of the Released Parties, on the other hand. Accordingly, the Parties agree not to assert in any forum that the Action was brought by Plaintiff or defended by Defendant, or each or any of them, in bad faith or without a reasonable basis.

10.4 The Parties have relied upon the advice and representation of counsel, selected by them, concerning the claims hereby released. The Parties have read and understand fully this Settlement Agreement and have been fully advised as to the legal effect hereof by counsel of their own selection and intend to be legally bound by the same.

10.5 Each of the Parties has entered into this Agreement with the intention to avoid further disputes and litigation with the attendant risks, inconveniences, expenses and contingencies. Accordingly, whether the Effective Date occurs or this Settlement is terminated, neither this Settlement Agreement nor the Settlement contained herein, nor any court order, communication, act performed or document executed pursuant to or in furtherance of this Settlement Agreement or the Settlement:

    a. is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them as an admission, concession or evidence of, the validity of any Released Claims, the appropriateness of Collective certification, the truth of any fact alleged by Plaintiffs, the deficiency of any defense that has been or could have been asserted in the Action, the violation of any law or statute, or of any alleged wrongdoing, liability, negligence, or fault of the Released parties, or any of them;

    b. is, may be deemed, or shall be used, offered or received against the Released Parties as, an admission, concession or evidence of any fault, misrepresentation or omission with respect to any statement or written document approved or made by the Released Parties, or any of them;

    c. is, may be deemed, or shall be used, offered or received against Plaintiff or the Settlement Collective, or each or any of them, as an admission, concession or evidence of, the infirmity or strength of any claims asserted in this Action, the truth or falsity of any fact alleged by the Released Parties, or the availability or lack of availability of meritorious defenses to the claims raised in the Action;

    d. is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them as an admission or concession with respect to any liability, negligence, fault or wrongdoing as against any Released Parties, in any civil, criminal, or administrative proceeding in any court, administrative agency or other tribunal. However, the Settlement, this Settlement Agreement, and any acts performed and/or documents executed in furtherance of or pursuant to this Settlement Agreement and/or Settlement may be used in any proceedings as may be necessary to effectuate the provisions of this Settlement Agreement. Moreover, if this Settlement Agreement is approved by the Court, any of the Released Parties may file this Settlement Agreement and/or the Final Approval Order in any action that may be brought against such parties;

    e. is, may be deemed, or shall be construed against Plaintiff and the Settlement Collective, or each or any of them, or against the Released Parties, or each or any of them, as an admission or concession that the consideration to be given represents an amount equal to, less than or greater than the amount that could have or would have been recovered after trial; and

    f. is, may be deemed, or shall be construed as or received in evidence as an admission or concession against Plaintiff and the Settlement Collective, or each and any of them, or against the Released parties, or each or any of them, that any of Plaintiff's claims are with or without merit or that damages recoverable in the Action would have exceeded or would have been less than any particular amount;

    10.5.1 Collective Representative and Collective Counsel will not discuss the Settlement with the media, the press, on any website, podcasts, social media site, or generally to the public. If Collective Representative or Collective Counsel receive inquiries from the media,

they may state only that the Action has been resolved on the terms set forth in the Agreement that was publicly filed.

10.6    The headings used herein are used for the purpose of convenience only and are not meant to have legal effect.

10.7    The waiver by one Party of any breach of this Settlement Agreement by any other Party shall not be deemed as a waiver of any other prior or subsequent breaches of this Settlement Agreement.

10.8    All of the Exhibits to this Settlement Agreement are material and integral parts hereof and are expressly and fully incorporated herein by reference.

10.9    This Settlement Agreement and its Exhibits set forth the entire agreement and understanding of the Parties with respect to the matters set forth herein, and supersede all prior negotiations, agreements, arrangements, and undertakings with respect to the matters set forth herein, including without limitation the Memorandum of Understanding signed by Collective Counsel and Defendant's Counsel at the conclusion of the negotiations in this matter. No representations, warranties or inducements have been made to any Party concerning this Settlement Agreement or its Exhibits other than the representations, warranties and covenants contained and memorialized in such documents. This Settlement Agreement may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

10.10   Except as otherwise provided herein, each Party shall bear its own attorneys' fees and costs incurred in any way related to the Action.

10.11   Plaintiff represents and warrants that she has not assigned any claim or right or interest relating to any of the Released Claims against the Released Parties to any other person or party and that he is fully entitled to release the same.  Additionally, any Settlement Collective Member who cashes or deposits their settlement check represents and warrants that they have not assigned any claim or right or interest relating to any of the Released Claims against the Released Parties to any other person or party and that they are fully entitled to release the same.

10.12   This Settlement Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. Signature by digital, facsimile, or in PDF format will constitute sufficient execution of this

Settlement Agreement. A complete set of original executed counterparts shall be filed with the Court if the Court so requests.

10.13  The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Settlement Agreement, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in this Settlement Agreement.

10.14  This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of New Jersey without reference to the conflicts of laws provisions thereof.

10.15  This Settlement Agreement is deemed to have been prepared by counsel for all Parties, as a result of good-faith, arm's-length negotiations among the Parties. Whereas all parties have contributed substantially and materially to the preparation of this Settlement Agreement, it shall not be construed more strictly against one Party than another.

10.16  Where this Settlement Agreement requires notice to the Parties, such notice shall be sent to the undersigned counsel: Nicholas Conlon, Esq., nicholasconlon@jtblawgroup.com, 111 Town Square Place, Suite 400, Jersey City, New Jersey 07310; Robert Whitman, Esq., rwhitman@seyfarth.com, Seyfarth Shaw LLP, 620 Eighth Ave. New York, New York 10018-1405.

**SAFIYYAH SHAH**

Dated: _____

By (signature): _____
Name (printed): _____
*Plaintiff*

**COSTCO WHOLE CORPORATION**

Dated: _____

By (signature): _____
Name (printed): _____
*Defendant*

Settlement Agreement. A complete set of original executed counterparts shall be filed with the Court if the Court so requests.

      10.13   The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Settlement Agreement, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in this Settlement Agreement.

      10.14   This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of New Jersey without reference to the conflicts of laws provisions thereof.

      10.15   This Settlement Agreement is deemed to have been prepared by counsel for all Parties, as a result of good-faith, arm's-length negotiations among the Parties. Whereas all parties have contributed substantially and materially to the preparation of this Settlement Agreement, it shall not be construed more strictly against one Party than another.

      10.16   Where this Settlement Agreement requires notice to the Parties, such notice shall be sent to the undersigned counsel: Nicholas Conlon, Esq., nicholasconlon@jtblawgroup.com, 111 Town Square Place, Suite 400, Jersey City, New Jersey 07310; Robert Whitman, Esq., rwhitman@seyfarth.com, Seyfarth Shaw LLP, 620 Eighth Ave. New York, New York 10018-1405.

Dated: 03 / 22 / 2025

**SAFIYYAH SHAH**

By (signature): _/s/ S. Shah_
Name (printed): Safiyyah Shah
*Plaintiff*

Dated: _____

**COSTCO WHOLE CORPORATION**

By (signature): _____
Name (printed): _____
*Defendant*

Doc ID: f58f195868373f9d83155eb3163e5fc33e52984c