UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

SAFIYYAH SHAH, individually, and on behalf of all others similarly situated,

       Plaintiff,

       v.

COSTCO WHOLESALE CORPORATION,

       Defendant.

Civil Action No. 2:23-cv-21286-JKS-SDA

**PRELIMINARY APPROVAL ORDER**

This matter coming before the Court on the unopposed motion of Plaintiff Safiyyah Shah ("Plaintiff"), on behalf of herself individually and on behalf of the settlement collective, for Preliminary Approval of the Collective Action Settlement, Appointment of Plaintiff's Counsel as Collective Counsel,[1] and Approval of the Proposed Notice of Settlement and Collective Action Settlement Procedure (the "Motion") (ECF Nos. 49 and 50), and the Court having reviewed and considered the Motion, the memorandum in support of the Motion (ECF No. 49-1), the Stipulated Collective Action Settlement ("Settlement Agreement") (ECF No. 48), the proposed claim form (ECF No. 48 at ECF-designated p. 21), the proposed notice (ECF No. 48 at ECF-designated pp. 22-23), and the Declaration of Nicholas Conlon, Esq. (ECF No. 50); and Defendant Costco Wholesale Corporation ("Defendant") having not opposed (Plaintiff and Defendant are together referred to as the "Parties"), and for good cause shown:

---

[1] Despite including language in the proposed Order seeking to have Brown, LLC appointed as Collective Counsel, neither the Notice of Motion nor the supporting memorandum of law sought or addressed such relief. (ECF Nos. 49 and 49-1). However, the supporting declaration filed by Nicholas Conlon, Esq. of Brown, LLC sets forth the firm's experience in handling similar collective claims and provides an Exhibit with the firm's resume, including its experience litigating class and collective matters and a list of representative matters. It therefore appears that Brown, LLC is well-qualified to serve as Collective Counsel. However, counsel are reminded of the need to specifically address this in their motion for final approval.

1

IT IS on this **29th** day of **May, 2026** HEREBY ORDERED, ADJUDGED, and DECREED as follows:

1. Capitalized terms used in this Order that are not otherwise defined herein have the same meaning assigned to them as in the Settlement Agreement.

2. The terms of the Settlement Agreement are preliminarily approved as fair, reasonable, and adequate. There is good cause to find that the Settlement Agreement was negotiated at arms-length and in good faith between the Parties, who were represented by experienced counsel familiar with the legal and factual issues of this case.

3. Based on this preliminary evaluation, the Court finds that the Settlement Agreement meets all applicable requirements of 29 U.S.C. § 216(b) for settlement purposes only, including that Collective treatment is an appropriate method for the fair and efficient adjudication of the Action.

4. In accordance with the Settlement Agreement, the Court hereby preliminarily certifies, for the purposes of settlement only, a collective action under the Fair Labor Standards Act, consisting of all members of the Settlement Collective who submit a Claim Form. Members of the Settlement Collective who submit a Claim Form will be deemed to have consented in writing to become a party to this action for purposes of 29 U.S.C. § 216(b).

5. For settlement purposes, Plaintiff, SAFIYYAH SHAH, is appointed as Collective Representative.

6. For settlement purposes, the following counsel are hereby appointed Collective Counsel:

Jason T. Brown
Nicholas
Conlon Brown, LLC
111 Town Square Place, Suite 400
Jersey City, NJ 07310
Tel: (877) 561-0000

jtb@jtblawgroup.com
nicholasconlon@jtblawgroup.com

7.      The Court recognizes that, pursuant to the Settlement Agreement, Defendant retains all rights to object to the propriety of Collective certification in the Action in all other contexts and for all other purposes should the Settlement not be finally approved. Therefore, as more fully set forth below, if the Settlement is not finally approved, and the Action resumes, this Court's preliminary findings regarding the propriety of Collective certification shall be of no further force or effect whatsoever, and this Order will be vacated in its entirety.

8.      By **June 10, 2026,** a revised proposed Notice shall be submitted to the Court with the above-referenced changes:

(a)     The Notice shall provide more detail about the nature of the claims asserted in the lawsuit and, specifically, that the alleged unpaid wages are for "pre- and post- shift work, including time spent unlocking and opening gates, deactivating and activating alarms, conducting security sweeps, and closing facilities."

(b)     The Notice shall explain how each collective members' individual share will be calculated and, specifically, that those individuals who worked in the Newark MDO will be compensated 6 minutes per shift and individuals who worked at other MDOs will be compensated 1 minute per shift.

(c)     The Notice shall state the maximum amount of attorneys' fees, the expenses, and the service award that will be sought and that these amounts will be deducted from the settlement fund.

9.      With the aforementioned changes, the Court approves the proposed plan for giving Notice to the Settlement Collective as fully described in the Settlement Agreement and finds that the plan for giving Notice, the method of distribution, and content of the Notice, as

modified, fully complies with the requirements of 29 U.S.C. §216(b), and is due and sufficient notice to all persons in the Settlement Collective. In addition, the Court finds that no notice other than that specifically identified in the Settlement Agreement is necessary in this Action.

10.     Settlement Collective Members who wish to opt into the Settlement Agreement must complete and submit a valid Claim Form in accordance with the instructions provided in the Notice. By submitting a Claim Form, the Settlement Collective Member consents in writing to become a party to this action for purposes of 29 U.S.C. § 216(b).  The Court hereby approves as to form and content the Claim Form attached to the Settlement Agreement as Exhibit A.

11.     All Claim Forms must be mailed via U.S. Mail to the address specified in the Claim Form within 60 calendar days of the dissemination of notice to the Settlement Collective. If a Notice is returned as undeliverable and an updated address is able to be located through the skip trace process, then the collective member shall have 30 days from the date of mailing of the revised Notice to opt-in. Settlement Collective Members who do not timely submit a Claim Form deemed to be valid in accordance with Section 1.4 of the Settlement Agreement shall not be entitled to receive any portion of the Settlement Fund.

12.     Any person who does not opt into the Settlement Agreement shall not: (a) be bound by any orders of the Final Approval Order entered in this Action; (b) receive a Settlement Payment under this Settlement Agreement; or (c) gain any rights by virtue of this Settlement Agreement.

13.     All papers in support of final approval of the Settlement, including any requests for approval of the Fee Award and Individual Settlement of Non-Wage Claims, shall be filed by **October 30, 2026**.[2]

---

[2] This allows adequate time to: mail the initial notice within 28 days of this Order; 60 days from the Notice date for claims to be submitted; an additional 30 days should any Notices be returned as undeliverable; and 30 days for briefing of the final Court submissions.

14.     Based on the papers submitted to the Court, the Court will:

(a)     Finally determine whether the applicable prerequisites for settlement Collective action treatment under 29 U.S.C. § 216(b) have been met;

(b)     Determine whether the Settlement is fair, reasonable, adequate, and made in good faith, and should be approved by the Court;

(c)     Determine whether the Final Approval Order as provided under the Settlement Agreement should be entered, including an order prohibiting Settlement Collective Members from further pursuing Released Claims as set forth in the Settlement Agreement;

(d)     Consider the application for a Fee Award to Collective Counsel;

(e)     Consider the distribution of the Settlement Fund pursuant to the Settlement Agreement; and

(f)     Rule upon such other matters as the Court may deem appropriate.

15.     The Settlement Agreement and the proceedings and statements made pursuant to the Settlement Agreement or papers filed relating to the Settlement or this Order, are not and shall not in any event be described or construed as, and/or used, offered or received against the Released Parties as evidence of and/or deemed to be evidence of any presumption, concession, or admission by any Released Party of the truth of any fact alleged by Plaintiff; the validity of any Released Claim; the deficiency of any defense that has been or could have been asserted in the Action or in any litigation; or any liability, negligence, fault, or wrongdoing of any of the Released Parties. Defendant has denied and continues to deny the claims asserted by Plaintiffs. Notwithstanding, nothing contained herein shall be construed to prevent a Party from offering the Settlement Agreement into evidence for the purpose of enforcing the Settlement Agreement.

16.     The Court hereby authorizes the Parties, without further approval of the Court, to

agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and its implementing documents (including all exhibits to the Settlement Agreement) that shall be consistent in all material respects with the terms of the Final Approval Order and do not limit or impair the rights of the Settlement Collective.

17.     For clarity, the deadlines set forth above and in the Settlement Agreement are as follows:

**Notice to be completed by:**          **JUNE 26, 2026**

**Claims Deadline:**          **60 days from mailing of original notice OR 30 days from mailing of any notice returned as undeliverable**

**Final Approval Submission:**          **OCTOBER 30, 2026**

18.     The Motion is GRANTED. The Clerk shall terminate ECF No. 49.

**IT IS SO ORDERED.**

DATED:     **MAY 29, 2026**

                                        */s/ Stacey D. Adams*
                                        ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
                                        HON. STACEY D. ADAMS
                                        UNITED STATES MAGISTRATE JUDGE

6